IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-174-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A PERFECT FIT FOR YOU, INC., | ) | |
| MARGARET A. GIBSON, and SHELLEY | ) | |
| P. BANDY, | ) | |
| Defendants. | ) | |

This matter is before the clerk on plaintiffs' motion for entry of default against Shelley P. Bandy [DE-42]. For the reasons set forth below, it is DENIED without prejudice.

Plaintiffs initiated this action on December 13, 2017 [DE-1] alleging claims against A Perfect Fit For You, Inc. Margaret A. Gibson, and Shelley P. Bandy. On March 9, 2018, the United States Marshal for the Eastern District of North Carolina submitted a USM-285 form [DE-9]. Therein, a deputy marshal certified that he had executed, as shown in "Remarks," a copy of the summons and complaint on Bandy. The "Remarks" section references an attachment, wherein the deputy marshal details his efforts to serve on Bandy on March 7, 2018. These efforts included calling a U.S. Probation Officer to determine her address, leaving a voicemail for Bandy, calling Bandy's place of employment and speaking with a receptionist, and speaking with Bandy's attorney. The deputy marshal states that he then "left a copy of the summons on the front door" of the residence at the address given to him by the U.S. Probation Officer, and then "drove away." He states that Bandy thereafter called him "and stated she had in fact gotten the summons and would follow the directives contained within."

On March 29, 2018, Plaintiffs filed a response to a request by Bandy to respond to the Complaint [DE-21]. Plaintiffs noted that Bandy had not filed the request with the court, but they included the request as an attachment to their motion [DE-21-1]. In Bandy's request, she states that the summons and complaint were left at her previous address. On April 3, 2018, the clerk's office issued a notice to Bandy, informing her that an extension of time requires leaves of court and therefore a motion must be filed with the court [DE-23]. The notice was returned to the court as undeliverable on April 9, 2018 [DE-25]. Bandy has not since filed anything else with the court, and Plaintiffs now move for entry of default as to Bandy.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiffs correctly state that Bandy has failed to file an answer or otherwise appear in this action in this court. Plaintiffs must also show, however, by affidavit or otherwise, that Bandy was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."); Pitts v. O'Geary, 914 F. Supp. 2d 729, 733 (E.D.N.C. 2012) ("Absent waiver of service of process or consent, the failure to obtain proper service of process deprives the court of personal jurisdiction over a defendant."); Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or

otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Plaintiffs have not made this showing. Under Rule 4(e) of the Federal Rules of Civil Procedure, an individual may be served personally or by leaving a copy of the complaint and summons "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2). Alternatively, an individual may be served by "following state laws for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Bandy was not served by any of these methods. She was not personally served, the summons and complaint were not left with someone of suitable age and discretion at her usual place of abode, and the posting of a summons and complaint on a defendant's door does not comply with North Carolina regarding rules of service. See N.C. Gen. Stat. § 1A-1, Rule 4(j)(1); German Am. Fin. Advisors & Tr. Co. v. Rigsby, 623 F. App'x. 806, 808 (7th Cir. 2015) (observing that taping the summons and complaint to a defendant's door failed to constitute valid service under Fed. R. Civ. P. 4(e) or North Carolina law). Nor does Bandy's apparent request for additional time to respond to the complaint resolve the issue of proper service. See Freedom Hawk Kayak, LLC v. Ya Tai Elec. Appliances Co. Ltd., 908 F. Supp. 2d 763, 767-68 (W.D. Va. 2012) (explaining that preliminary actions, including a request to extend time to file a responsive pleading, does not waive or forfeit personal jurisdiction defenses); see also German Am. Fin. Advisors & Tr. Co., 623 F. App'x at 808-09 (finding that a defendant had waived an objection to lack of proper service where she moved for an extension of time and set forth proposed defenses she wanted the court to consider if the extension was not granted).

Because Plaintiffs have failed to show proper service, the clerk cannot find that default is appropriate. Accordingly, the motion for entry of default [DE-42] is DENIED.

SO ORDERED. This the _14_ day of March, 2019.

Peter A. Moore, Jr.
Clerk of Court

4